## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Cynthia Alexander,**

        **Plaintiff,**

                                    **Case No. 2:07-cv-01191**

**v.**                                        **JUDGE SMITH**

                                        **Magistrate Judge Abel**

**Ohio Public Employees**
**Retirement System, *et al.*,**

        **Defendants.**

### OPINION AND ORDER

Plaintiff, Cynthia Alexander, who is proceeding *pro se*, asserts claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. This matter is before the Court on Defendants Ohio Public Employees Retirement System ("OPERS"), Blake Sherry, Shelley Wilson, Peggy Trump, Matika Garrison and Anthony Binford's (collectively "Defendants") Motion to Dismiss (Doc 13). For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 13).

### I.    FACTUAL BACKGROUND

For purposes of this Motion to Dismiss, all facts stated in the Amended Complaint are accepted as true.

Plaintiff, Cynthia Alexander, is employed by Defendant OPERS. In September 2004, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant OPERS denied her a promotion because of her race, religion, and in retaliation for having complained of a discriminatory act in the workplace. In July 2005, Plaintiff received the EEOC's notice of dismissal and right to sue letter. Plaintiff alleges that she

allowed the deadline for judicial review to pass because she was "adopt[ing] a wait-n-see approach." (Am. Compl. ¶ 5).

Plaintiff alleges that she instituted the current action "[i]n light of subsequent retaliatory acts." On October 24, 2007, Plaintiff originally filed in the Franklin County Court of Common Pleas, case captioned *Ms. Cynthia Alexander v. Ohio Public Employees Retirement System (OPERS), et al.*, Case No. 07CVH-10-14472. Upon receipt of service, Defendants timely removed this action pursuant to 28 U.S.C. § 1441(b). Plaintiff's action alleges that Defendant OPERS and five of its employees, Blake Sherry, Shelley Wilson, Peggy Trump, Matika Garrison and Anthony Binford (collectively "Individual Defendants"), retaliated against Plaintiff in various ways in violation of Title VII.

On November 30, 2007, Defendants filed a motion to dismiss Plaintiff's original Complaint (Doc. 3). On January 22, 2008, Plaintiff filed a motion for leave to amend her Complaint (Doc. 6), and on February 11, 2008, the Court granted the motion (Doc. 11). The matter is before the Court on Defendants' motion to dismiss the Amended Complaint, which was filed on February 21, 2008 (Doc. 13). Plaintiff has failed to file a response to Defendants' motion to dismiss.

## II.    RULE 12(b)(6) STANDARD

When considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the non-moving party and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint

and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155. The merits of the claims

set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.

Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure only if there is no law to support the claims made, or if the facts alleged are

insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to

relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6)

must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which

provides that a pleading for relief shall contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller,

*Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990). The moving party is entitled to

relief only when the complaint fails to meet this liberal standard. *Id.*

Although a court must apply a liberal construction of the complaint in favor of the party

opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted

inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d

121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955,

1964-65 (2007).[1] A plaintiff's obligation to provide the "grounds" of their entitlement to relief

requires more than labels and conclusions or a formulaic recitation of the elements of the cause

of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007) (*citing*

---

[1] In this recent *Bell Atlantic Corp.* case, the United States Supreme Court rejected the
language previously used by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),
providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the
accepted rule that a complaint should not be dismissed for failure to state a claim unless
it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*,
127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its
retirement" and "is best forgotten").

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id.* To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.*

## III. DISCUSSION

Plaintiff alleges that Defendants retaliated against her in various ways, including by refusing to promote her, by harassing her, and by requiring her to work outside her ordinary duties, as a result of her filing a charge of discrimination with the EEOC. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits an employer from retaliating against an employee who has "opposed" any practice by an employer made unlawful under Title VII. 42 U.S.C. § 2000e-3(a). Defendants argue, and this Court agrees, that Plaintiff's Amended Complaint should be dismissed with prejudice because it is untimely. (Defs.' Mot. to Dis. at 2). In addition, Defendants argue that the Individual Defendants should be dismissed because Title VII does not countenance individual liability. (*Id.*).

## A. The Timliness of Plaintiff's Claims

To satisfy the prerequisites to an employment discrimination action, a claimant must: (1) file a timely charge of discrimination with the EEOC; and (2) receive and act upon the EEOC's notice of right to sue. *See Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486

-4-

(6th Cir.1989). Upon receipt of the EEOC's notice of right to sue, a plaintiff has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1).

In the instant case, Plaintiff initially alleges that this action is premised upon the 2004 charge of discrimination she filed with the EEOC. (Am. Compl. ¶ 3). The notice of dismissal and right to sue letter associated with this charge was received by Plaintiff in July 2005. Plaintiff did not file a civil suit raising the claims premised upon the 2004 charge of discrimination until October 2007, well outside the ninety-day time frame provided by statute. Plaintiff admits that the "deadline expired for judicial review," and explains that she was "adopt[ing] a wait-n-see approach." (Am. Compl. ¶ 5). There is no authority for permitting a "wait-n-see" approach. Accordingly, to the extent the Amended Complaint is premised on events related to and reasonably growing out of her 2004 charge of discrimination, Plaintiff's claims are time-barred.

With respect to any claims that are premised upon allegations unrelated to Plaintiff's 2004 charge of discrimination, Plaintiff's claims fail because she has not met the first prerequisite to an employment discrimination action, which is to file a timely charge of discrimination with the EEOC. *See Puckett*, 889 F.2d at 1486; *Mitchell v. Chapman*, 343 F.3d 811, 819-820 (6th Cir. 2003) ("It is well-established that a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit in the district court, rather than a jurisdictional prerequisite.").

Accordingly, Defendants' Motion to Dismiss is granted.

-5-

**B.      Claims against the Individual Defendants**

As an alternative basis for dismissal of the Individual Defendants, Defendants argue that Title VII does not countenance individual liability. (Defs.' Mot. to Dis. at 2).  Having determined that Plaintiffs' claims are time-barred, however, the Court finds it unnecessary to address Defendants' arguments relating to the Individual Defendants.

## IV.    DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 13).

The Clerk shall remove Document 13 from the Court's pending motions list.

 **IT IS SO ORDERED.**


                                        */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**

-6-